**Sue Ann EASTERLING,
Plaintiff-Appellant**

v.

**TENSAS PARISH SCHOOL BOARD,
Defendant-Appellee**

No. 16-30532

United States Court of Appeals,
Fifth Circuit.

Filed March 20, 2017

Gregory J. Miller, Miller, Hampton, & Hilgendorf, Baton Rouge, LA, for Plaintiff-Appellant

Jon Keith Guice, Justin Myers, Hammonds, Sills, Adkins & Guice, L.L.P., Monroe, LA, for Defendant-Appellee

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.

PER CURIAM: [*]

A woman applied to be the head football coach/athletic director at a Louisiana high school, but a man was hired instead. She sued the school district for sex discrimination and retaliation, but the district court granted summary judgment against her on all of her claims. We affirm.

## I.

Sue Ann Easterling is a certified high school teacher in Mississippi and Louisiana. Her Louisiana certification covers adapted physical education and health and physical education. She holds a B.S. in health and physical education from the University of Southern Mississippi. She has experience coaching high school gymnastics, softball, basketball, volleyball, and track and field.

Tensas Parish School Board ("TPSB") is a rural public school system in Louisiana with fewer than 700 students district-wide. Its budget is sharply limited. In March 2011, TPSB needed a head football coach/athletic director for Tensas High School, so it advertised the job opening. Due to its limited budget, TPSB does not hire "stand-alone" athletic coaches; all coaches are also teachers. Therefore, its advertisement sought a "Teacher/Head Football Coach/Athletic Director at Tensas High School." It received seven applications, including Easterling's. After applying, Easterling called TPSB's superintendent, Carol Johnson, to express interest in the position. During that call, Easterling informed Johnson that, while she was a certified teacher, she had no experience coaching football and had never been an athletic director. Three of the seven applicants were contacted for interviews, but Easterling was not one of them.

Johnson first offered the position to a man named Brad Bradshaw, a well-known, state-champion football coach. However, Bradshaw let Johnson know "very late" that he would be unable to accept the job. Pressed for time, Johnson offered the position to Rex McCarthy, a man who at the time was already serving as Tensas High's interim head football coach/athletic director. McCarthy was also an ACT instructor and "graduation coach" at Tensas High. McCarthy accepted. After learning that she had been passed over for the job, Easterling requested that her application be considered for any openings in the 2012-2013 school year.

McCarthy held the job for only one school year, choosing to resign in 2012. TPSB once again needed a head football coach/athletic director, and at the same time found itself in specific need of a math teacher. Johnson decided to hire a certified math teacher with football coaching experience who could serve in both roles. Also in the 2012-2013 school year, TPSB advertised an opening for an adapted physical education instructor, but then decided to eliminate that position altogether, instead assigning the duties to an existing role. Thus, TPSB did not hire Easterling for the 2012-2013 school year either.

In early 2014, after going through the EEOC, Easterling sued TPSB alleging sex discrimination and retaliation. By her sex discrimination claim, Easterling alleged that TPSB did not hire her for the head football coach/athletic director position because she is a woman. By her retaliation claim, Easterling alleged that TPSB also did not hire her for the position because of her prior lawsuit against a different school

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district. On TPSB's motion, the district court granted summary judgment against Easterling on all of her claims. She timely appealed, arguing that the district court erred by granting summary judgment against her on her sex discrimination and retaliation claims and by failing to rule on an independent claim that she insists appears in her complaint and believes should have been separately addressed.

## II.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court.[1] Summary judgment may be affirmed for any reason raised to the district court and supported by the record, and we are not bound by the grounds articulated by the district court.[2] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "When considering a motion for summary judgment, the court views all facts and evidence in the light most favorable to the non-moving party."[4]

In the district court, Easterling complained of three instances where TPSB declined to hire her: in 2011 for the position of head football coach/athletic director, in 2012 for the position of math teacher/head football coach/athletic director, and in 2012 for the position of

adapted physical education instructor. However, she has abandoned on appeal any arguments relating to either of the 2012 positions, so the district court's grant of summary judgment against her on those portions of her claim is not before us.[5] We are left with only one instance to consider: TPSB's declining to hire Easterling for the 2011 position of head football coach/athletic director.

## III.

### A.

We begin with Easterling's sex discrimination claim, which alleges disparate treatment. Disparate treatment sex discrimination may be proved by direct or circumstantial evidence,[6] but Easterling admits that she cannot produce direct evidence. When a Title VII disparate treatment plaintiff's evidence is circumstantial, we apply the *McDonnell Douglas* burden-shifting standard.[7] Under that standard, Easterling must first establish a prima facie case of discrimination by showing that:

> (1) she is a member of a protected group; (2) she applied for a position . . .; (3) she was qualified for that position when she applied; (4) she was not selected for the position; and (5) after [TPSB] declined to hire her the position either

1. *Roberts v. City of Shreveport*, 397 F.3d 287, 291 (5th Cir. 2005).

2. *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1146 (5th Cir. 1993).

3. Fed. R. Civ. P. 56(a).

4. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).

5. *In re Perry*, 345 F.3d 303, 312 n.10 (5th Cir. 2003) ("'[A]n appellant's original brief abandons all points not mentioned therein." (quot-

ing *Piney Woods Country Life School v. Shell Oil Co.*, 905 F.2d 840, 854 (5th Cir. 1990))).

6. *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994).

7. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

remained open or a male was selected to fill it.[8]

The burden then shifts to TPSB to articulate a legitimate, nondiscriminatory reason for declining to hire Easterling.[9] If TPSB does so, then the burden shifts back to Easterling to establish either: (1) that each of TPSB's proffered reasons is not true but is instead a pretext for discrimination; or (2) that TPSB's reasons, while true, are not the only reason for its conduct, and another "motivating factor" is Easterling's sex.[10]

The district court ruled that Easterling's evidence established a prima facie case of sex discrimination, but that TPSB had proffered legitimate, nondiscriminatory reasons for declining to hire her, and Easterling could not establish a genuine issue of material fact whether each of those reasons was pretextual or that her sex was a motivating factor. On appeal, TPSB maintains that Easterling cannot establish even a prima facie case of discrimination. We assume, *arguendo*, that Easterling has established a prima facie case of discrimination and decide this case on the basis of pretext.

The valid reasons that TPSB articulated for declining to hire Easterling were: (1) to save money, (2) because TPSB had someone else in mind at the time, (3) to promote continuity within the football program by permanently hiring the interim head coach, and (4) Easterling's lack of the correct kind of experience. Easterling does not dispute that those are legitimate, nondiscriminatory reasons for her not being hired. Easterling must then raise a genuine issue of material fact whether *each* of those reasons is pretextual,[11] or alternatively that, while those reasons may be true, her sex was also a motivating factor.[12] We will first consider Easterling's arguments that TPSB's proffered reasons are pretext, then turn to her mixed-motives argument.

*Pretext*

■ First, Easterling points to what she believes to be inconsistencies in Johnson's statements over the course of this lawsuit. It is true that an "unexplained inconsistency" in the employer's proffered justification is "evidence from which a jury could infer" pretext.[13] However, we do not believe that the inconsistencies that Easterling highlights raise a genuine fact question. For example, Easterling notes that a letter from TPSB's counsel to the EEOC before suit was filed said that Easterling "did not complete an application for employment." But later, Johnson testified that she *did* receive an application from Easterling, but knew that Easterling lacked football coaching experience either because of an e-mail or a telephone conversation. While Johnson has been inconsistent regarding whether Easterling filled out an employment application and how Johnson was aware that Easterling lacked football coaching experience, the proffered *justification* for declining to hire Easter-

**8.** *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994).

**9.** *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

**10.** *Id.* (quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

**11.** *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) ("An em-

ployee seeking to show pretext must rebut each discrete reason proffered by the employer."); *see also McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

**12.** *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

**13.** *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 415 (5th Cir. 2007).

ling has not changed: from TPSB's first letter to the EEOC answering the discrimination charge, it has maintained that it did not hire Easterling partially because she had no experience coaching football or directing an athletics program. We are not persuaded that inconsistencies in Johnson's stated *basis for knowing that fact* rise to the level of a genuine fact question on pretext.

Second, Easterling argues that TPSB's proffered justifications for declining to hire her must be pretextual because she is more qualified than McCarthy, the man whom TPSB hired. The thrust of Easterling's argument on this point is that she is a certified teacher in Louisiana whereas McCarthy was not at the time that he was hired. As TPSB notes, this is essentially a repackaging of Easterling's state-law claim, which the district court found time-barred and from which she does not appeal. We decline to sort out the intricacies of Louisiana teacher-certification law that the parties dispute. In a related context, we have held:

> Proof that an employer did not follow correct or standard procedures in the termination or demotion of an employee may well serve as the basis for a wrongful discharge action under state law. As we have stated, however, the ADEA was not created to redress wrongful discharge simply because the terminated worker was over the age of forty. A discharge may well be unfair or even unlawful yet not be evidence of age bias under the ADEA.[14]

Even assuming that TPSB's hiring McCarthy was illegal in Louisiana, that fact would not establish a genuine fact issue whether TPSB's proffered reasons for declining to hire Easterling, such as saving money and promoting continuity in the football program, are pretextual. Furthermore, even if Easterling were correct that she was more qualified than McCarthy, Title VII is not a vehicle "for judicial second-guessing of business decisions."[15]

Third, in response to TPSB's justification of saving money by giving the position to McCarthy, Easterling argues that TPSB would have actually saved more money by hiring her. This argument is unsound because her math ignores that fact that by hiring her, TPSB would be *taking on an additional employee*, whereas McCarthy was already an employee who assumed extra duties. TPSB has maintained throughout this case that it endeavors to conserve funds by assigning additional duties to already-employed teachers rather than hiring new ones. And even if Easterling's assertion were true, it would establish only that the proffered justification was mistaken, not dishonest, which is the key to pretext.[16]

Fourth, in response to TPSB's justification of promoting continuity in the football program by hiring the person already acting as head coach, Easterling points out that TPSB first offered the position to a different, successful football coach. However, as the district court noted, it was reasonable for TPSB to be willing to spend extra money and disrupt continuity for a successful, well-established football coach, but not be willing to do the same for Easterling, who had no experience coaching football. Thus, TPSB's willingness to hire Bradshaw before he withdrew his ap-

**14.** *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993).

**15.** *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997).

**16.** *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1166 (5th Cir. 1993) (employee must demonstrate that employer did not "in good faith" believe the justification, but relied on it "in a bad faith pretext to discriminate").

plication does not raise a genuine question whether TPSB's proffered justification was inconsistent or unworthy of credence. Easterling has raised no genuine question of fact whether TPSB's justification of promoting continuity was pretextual.

Fifth and finally, Easterling offers no evidence to rebut the justification for failing to hire her that she was not experienced enough to coach football. TPSB offered evidence that proper training and experience is critical to coaching a high school football team: players can become seriously injured as a result of poor technique. Easterling's only argument on this point is that she has experience coaching athletics generally. That does not demonstrate that her lack of football-specific experience was pretext for discriminating against her.

*Mixed Motives*

■ There remains the question of whether Easterling's sex was at least a motivating factor in TPSB's declining to hire her.[17] The district court found that Easterling could not prevail on a mixed-motives theory. We agree. The only evidence that Easterling offers on this point is the following exchange from Johnson's deposition:

> Q Okay. In 2011 did you know that Ms. Easterling had no experience coaching high-school football?
> A Well, in 2011 there were no women high-school coaches—yes, I did—anywhere in Louisiana.

According to Easterling, this single reference to her sex is enough evidence to meet her summary judgment burden on a mixed-motives theory. We disagree. It is clear from the context of the question that Johnson was providing the reason that she knew, *factually*, that Easterling had no high school football coaching experience. We are not persuaded that this single exchange in a live deposition raises a fact question regarding Johnson's motives. Easterling's mixed-motives argument does not persuade.

*Conclusion*

We agree with the district court that Easterling has not met her burden on summary judgment to demonstrate a genuine issue of material fact with respect to each of TPSB's proffered reasons for declining to hire her or TPSB's mixed motives. We affirm the district court's grant of summary judgment against Easterling on her sex discrimination claim.

**B.**

We turn to Easterling's retaliation claim, that TPSB was aware of Easterling's prior lawsuit against a different school board and declined to hire her because of it.

"To survive summary judgment in a Title VII retaliation case, the plaintiff must make a prima facie showing: (1) that the plaintiff engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action."[18] As with a discrimination claim, once a prima facie showing is made, the burden shifts to the defendant to articulate a nondiscriminatory reason, then to the plaintiff to demonstrate pretext.[19]

---

17. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

18. *Banks v. E. Baton Rouge Par. Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).

19. *Hypolite v. City of Houston, Tex.*, 493 Fed. Appx. 597, 606 (5th Cir. 2012) (unpublished).

The parties do not dispute that Easterling was involved in prior protected activity: a lawsuit against the Concordia Parish School Board. The only evidence that Easterling offers to demonstrate that TPSB was aware of this prior lawsuit is a 2007 subpoena served on TPSB in connection with the suit. The subpoena contained the caption "Easterling v. Concordia Parish School Board," and thus, Easterling reasons, Johnson was aware of the prior lawsuit and declined to hire Easterling in 2011 as a result.

The district court ruled that Easterling's evidence of a causal link between her previous protected activity and TPSB's decision not to hire her was too attenuated to establish a prima facie case of retaliation, so it granted summary judgment against Easterling on this claim. We agree. The retaliation claim fails in any event because Easterling cannot establish a genuine issue of material fact that the legitimate reasons proffered by TPSB for declining to hire her are pretextual.

### IV.

Finally, Easterling argues that the district court ignored one of her claims: "intentional discrimination based on TPSB's employment practices." Easterling insists that this claim was freestanding—separate from her disparate treatment sex discrimination claim, and that the district court should have addressed and ruled on it specifically. We find no reversible error. The district court analyzed all of Easterling's allegations and evidence of intentional discrimination within the *McDonnell Douglas* framework. "Intentional discrimination based on employment practices" here has no further role.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

### V.

We affirm the district court's grant of summary judgment against Easterling on all of her claims.